No. 34,222

BURL ANTHONY, *Appellant*, v. COSTELLO MOTOR COMPANY, *Appellee*.

(88 P. 2d 1025)

Opinion filed April 8, 1939.

*J. S. Simmons, Alva L. Fenn* and *Herbert E. Ramsey,* all of Hutchinson, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, and *Claude Chalfant,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained by plaintiff in an automobile casualty alleged to have resulted from defendant's negligence. The trial court sustained a demurrer to plaintiff's evidence, and he has appealed.

Plaintiff was riding in the rear seat of an automobile which was being driven westwardly by Everett Dunsworth on a paved federal and state highway known as U. S. 50. The casualty occurred where this highway turns in a long curve to the north. On the inside of this curve the pavement was lower than on the outside. This low place was covered with ice for a distance of 30 or 40 feet in length and extended from the northeast side of the pavement to about the center. The car in which plaintiff was riding (hereinafter called plaintiff's car) approached and moved around this curve at a speed of about 35 miles per hour. When it moved onto the ice the car

skidded to the west and north across the pavement, then turned to the northeast and had practically come to a stop diagonally on the pavement, with the rear end extending across the line which marks the center of the pavement, when it was struck by defendant's car. The left front part of defendant's car came in contact with the left rear portion of plaintiff's car, which was beyond the center line of the pavement. Plaintiff was thrown by the impact of the cars in such a way that he sustained personal injuries, for which this action was brought. There was no contention that defendant's car at any time was off of its right side of the pavement.

The negligence charged against defendant was that the ground directly to the west of the point in the curve where the cars collided was level, smooth and dry for some distance; that defendant saw, or with diligence could have seen, plaintiff's car had skidded to its left and had turned to the right and was crossing defendant's side of the pavement, in time to have turned to his right off the pavement, and thus have avoided the collision with perfect safety to himself, and that defendant negligently remained on his own right-hand side of the pavement, as the result of which his car collided with that of plaintiff's. The testimony of all of plaintiff's witnesses on this point was that the two automobiles, plaintiff's from the east and defendant's from the north, entered the curve about the same time, each on its own right-hand side of the pavement. The collision occurred a little north of the center of the curve, which indicated that plaintiff's car was traveling faster than was defendant's. The testimony was that plaintiff's car had been traveling at about 35 miles per hour, and that it moved around the curve at about that speed. There is no direct testimony as to the speed of defendant's car. There is no contention it was moving too rapidly. The testimony was that the driver of plaintiff's car could not see the ice on the pavement when he started to make the turn; that when he did see it he did not apply his brakes; that when the car moved upon the ice it skidded and turned, the rear part moving to the left and the entire car getting on the driver's left-hand side of the pavement, or beyond it; that it then turned to the northeast, and at the time of the impact the front wheels were near the east edge of the pavement. The rear part of the car extended to the southwest of the center line of the pavement as much as 18 or 20 inches, as testified to by plaintiff, and farther, as testified to by the driver of the car, who said the rear wheels were on the center line of the pavement

and that while the car was in that position, and moving slowly, it was immediately struck by defendant's car. There is no testimony as to how far the cars were apart when plaintiff's car started to skid, or when it started northeasterly across the pavement. Neither is there any evidence that defendant could have seen the position of plaintiff's car and could have judged from its movement where it would go in time to have turned to the right with safety to himself, and thus have avoided the collision.

We agree with appellant's contention that in ruling upon a demurrer to the evidence the trial court should consider the evidence most favorable to plaintiff in establishing his cause of action. So considering it, we are unable to see in the record evidence of defendant's negligence.

Appellant contends that the principle upon which he relies is the doctrine of last clear chance, with the exception that he does not concede negligence of plaintiff, or of the driver of his car. But before one can be held liable under the doctrine of last clear chance the evidence must establish, among other things, that defendant saw, or with diligence could have seen and realized, that plaintiff was in a dangerous position from which he could not extricate himself, and that defendant had time and that the circumstances were such that he could have stopped, or have done something with safety to himself, to avoid the collision or injury. (See *Morlan v. Hutchinson,* 116 Kan. 86, 91, 225 Pac. 739, and cases there cited.) Here the evidence fails to show these things, but on the other hand shows that defendant's car struck plaintiff's immediately after it had turned across the road in front of him and before it was fully stopped.

We find no error in the record. The judgment of the court below is affirmed.